Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISO DIVISION

| | |
|---|---|
| GAIL A. GRANCSAY,<br><br>Plaintiff,<br><br>v.<br><br>MONTEREY FINANCIAL SERVICES INC.,<br><br>Defendants. | Case No. 3:22-cv-02014<br><br>**COMPLAINT FOR DAMAGES**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br>**1. FAIR DEBT COLLECTION PRACTICES ACT,**<br>**2. REGULATION F,**<br>**3. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT.** |

## COMPLAINT

**NOW COMES** GAIL A. GRANCSAY ("Plaintiff"), by and through her undersigned counsel, complaining of the Defendant, MONTEREY FINANCIAL SERVICES INC. ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 USC §1692 *et. seq.*, Regulation F ("REG F") pursuant to 12 CFR 1006 *et seq.* and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of California and Defendant conducts business in the Northern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of California.

**PARTIES**

4. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Willits, California.

5. Defendant is a third-party debt collector who regularly attempts to collect debts from consumers originally owed to third parties.

6. Defendant is organized under the laws of the state of California and maintains its principal place of business at 4095 Avenida De La Plata, Oceanside, California 92056.

7. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in California.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTUAL ALLEGATIONS**

9. Prior to the events giving rise to this action, Plaintiff purchased a makeup applicator through Luminess Direct LLC ("Luminess") for approximately $50.00 after viewing a sale the company offered via a television advertisement.

10. Plaintiff paid the cost of the product in full at the time of purchase.

11. Shortly thereafter, Luminess attempted to withdraw an additional payment after Plaintiff previously paid the full cost of the product the month prior.

12. Immediately Plaintiff contacted Luminess to dispute the charge and requested that they not charge her card again.

13. In addition, Plaintiff contacted her bank to dispute these charges and open a new account.

14. On or around March 2022, Defendant placed an outgoing call to Plaintiff attempting to collect an alleged past due balance from Luminess for $270.00 ("alleged subject debt").

15. Plaintiff was confused by Defendants allegations as she had no balances past due or owed to Luminess.

16. Furthermore, Plaintiff explained that she paid the cost of the product in full at the time of purchase nearly four years ago.

17. Moreover, the original cost of the previously purchased product was for $50 and not $270.

18. Following Plaintiff's disputes with Defendant, Plaintiff also requested that Defendant no longer contact her regarding the alleged subject debt as she did not owe it.

19. Unfortunately, Plaintiff's requests fell on deaf ears and Defendant continued to place harassing, unwanted and unconsented to collection calls to her telephone.

20. Often times, Defendant would place multiple calls to Plaintiff daily without her consent to collect on the alleged subject debt despite it not being owed by Plaintiff.

21. Plaintiff felt extremely worried that there could be negative consequences if she did not pay the subject debt, even though she knew she was not legally obligated to pay.

22. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

23. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of

counsel to file this action to prevent Defendant from further deception in the future.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (15 U.S.C. §1692 et. seq.)

24. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

28. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

29. Defendant used credit reporting to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

### a. Violation(s) of 15 U.S.C. § 1692c

30. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1)   at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . . 15 U.S.C. § 1692c(a)(1).

31. Defendant violated 15 U.S.C. § 1692c(a)(1) by placing phone calls to Plaintiff's cell phone after Plaintiff requested that the phone calls cease.

4

32. Specifically, after Plaintiff requested that the phone calls cease, any time that Defendant called Plaintiff was an inconvenient time.

### b. Violations of FDCPA §1692d

33. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

34. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

35. Defendant violated §§ 1692d and d(5) when it placed numerous collection calls after Plaintiff requested the calls cease in an attempt to collect the subject debt after Plaintiff requested that the phone calls cease.

36. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

37. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

### a. Violations of FDCPA § 1692e

38. Pursuant to 15 U.S.C.§1692e of the FDCPA, a debt collection is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

39. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt. Defendant falsely attempted to collect subject debts not owed by Plaintiff.

40. As previously mentioned, Plaintiff did not owe an alleged balance to Luminess as she paid the full balance required for the product she purchased four years ago from Luminess.

5

41. Defendant violated §1692 e(10) by using false, deceptive, and misleading representation in connection to collection of the subject debt.

42. In order to secure payments of the alleged subject debt, Defendant falsely misrepresented Plaintiff's legal obligation to pay subject debt despite Plaintiff not owning the subject debt and having no legal obligation to pay.

43. As an experienced debt collector, Defendant knew or should have known the ramifications of using deceptive and misleading means to attempt to collect debts not owed.

**b. Violations of FDCPA § 1692f**

44. Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debts. The alleged subject debt was not owed at the time Defendant demanded payment, but Defendant demanded Plaintiff make a payment on subject debts even though she had already paid for the purchased product in full nearly four years ago.

45. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on debts not owed at the time it made demands for payment.

**WHEREFORE**, Plaintiff, GAIL A. GRANCSAY, respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. Enjoin Defendants from continuing to contact Plaintiff;

   c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

   d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e.  Award any other relief as the Honorable Court deems just and proper.

## COUNT II - VIOLATIONS OF REGULATION F
### *(12 CFR 1600 et seq.)*

46. Plaintiff is a "consumer" as defined by Regulation F §1006.2(e)

47. Defendant is a "third party collector" as defined by Regulation F §1006.2(i)(1).

48. The subject debts are "debts" and a "consumer debts" as defined by Regulation F §1006.2(f) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    **a.  Violations of Regulation F §1006.18**

49. Plaintiff restates and realleges all paragraphs of this Complaint as through fully set forth herein.

50. Section 1006.18(b)(2) prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt." 12 CFR § 1006.18(b)(2).

51. Defendant violated §1006.18(b)(2) by misrepresenting Plaintiff's legal obligation to pay subject debt despite Plaintiff not owning the subject debt and having no legal obligation to pay.

52. Defendant's deceptive and misleading behavior harmed Plaintiff and stripped her of her rights under the FDCPA and Regulation F.

**WHEREFORE**, Plaintiff, GAIL A. GRANCSAY, respectfully requests that this Honorable Court:

    a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute, thus violating the Fair Debt Collection Practices Act;

    b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

d. Award any other relief as the Honorable Court deems just and proper.

### COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is a "person" as defined by Cal. Civ. Code §1788.2(g).

48. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

49. Defendant is a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

    **a.**     **Violations of RFDCPA §1788.17**

50. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

51. As outlined above, through its conduct in attempting to collection upon the subject debt, Defendant violated 1788.17; and portions of 15 U.S.C. §§1692 of the FDCPA. Therefore, Defendant engaged in noncompliant conduct in its attempts to collect debts not owed from Plaintiff, in violation of the RFDCPA.

52. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendants' willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

**WHEREFORE**, Plaintiff GAIL A. GRANCSAY respectfully requests that this Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: March 29, 2022                                  Respectfully Submitted,

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com