HAMRICK & EVANS, LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jeff W. Poole (State Bar No. 291783)
HAMRICK & EVANS, LLP
2600 West Olive Avenue, Suite 1020
Burbank, California 91505
Telephone No.: (818) 763-5292
Fax No.: (818) 763-2308

Attorneys for Defendant
MONTEREY FINANCIAL
SERVICES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| GAIL A. GRANCSAY,<br><br>      Plaintiff,<br>  v.<br><br>MONTEREY FINANCIAL SERVICES, INC,<br><br>      Defendants. | Case No.: 4:22-cv-02014-YGR<br><br>**DEFENDANT'S NOTICE OF PARTIAL MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br><br>Hearing Date:   July 19, 2022<br>Time:        2:00 p.m.<br>Courtroom:  1 |

TO All PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on July 19, 2022, at 2:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 1, 4th Floor, District Judge Yvonne Gonzalez Rogers, presiding at the Oakland Courthouse, 1301 Clay Street, Oakland, California 94612, Defendant Monterey Financial Services, LLC's ("Monterey") moves, pursuant to Fed. R. Civ. P. 12(b)(6), for an Order dismissing Count II of Plaintiff Gail A. Grancsay's ("Plaintiff") Complaint.

Plaintiff alleges in Count II of her Complaint that Monterey violated

-1-

1  Regulation F, 12 C.F.R. § 1600 *et seq.* (Doc. 1, p. 7). As detailed in the

2  accompanying Memorandum of Points and Authorities, Regulation F is a regulatory

3  provision that articulated guidance from the Bureau of Consumer Financial

4  Protection ("the Bureau") about how it has interpreted the requirements and

5  prohibitions in the Fair Debt Collection Practices Act. The regulation does not

6  provide for a private cause of action. As a result, Count II of the Complaint, which

7  seeks declaratory relief, statutory, and actual damages, as a result of a violation of

8  Regulation F, must be dismissed.

9       This Motion is based on this Notice of Motion, the Memorandum of Law

10  submitted together with the Motion, the Court's file, and such additional facts and

11  argument as will be presented at the hearing.

12  DATED:  June 13, 2022                    HAMRICK & EVANS, LLP

13

14                                    By:_____

15                                          JEFF W. POOLE
                                          Attorneys for Defendant
16                                          MONTEREY FINANCIAL SERVICES,
                                          INC.

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF PARTIAL MOTION AND MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)

HAMRICK & EVANS, LLP

1
2
3
4
5
6

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Monterey Financial Services, LLC[1] ("Monterey") presents this Memorandum of Points and Authorities in support of its motion (the "Motion") to dismiss Count II of Plaintiff Gail A. Grancsay's ("Plaintiff") Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). The issue to be decided is whether Count II of the Complaint plausibly states a cause of action.

7

## PRELIMINARY STATEMENT

8
9
10
11
12

Plaintiff has commenced an action against Monterey alleging violations of: (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); (2) Regulation F, 12 C.F.R. § 1600 *et seq.* ("Regulation F"); and (3) the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

13
14
15
16
17
18

Regulation F is an amendment to 12 C.F.R. § 1600, which implements the FDCPA. Therein, the rule provides guidance to what is, or is not, a violation of the FDCPA. It does not, however, confer a separately actionable private cause of action to a consumer who contends that a defendant has violated Regulation F. As a result, Count II of the Complaint, which requests declaratory relief and damages, stemming from a purported violation of Regulation F, is not actionable and must be dismissed.

19

## ARGUMENT

20

### I.    Standard of law

21
22
23
24
25
26

Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint can only survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

27
28

---

[1] Monterey Financial Services, LLC is improperly named as Monterey Financial Services, Inc. in the Complaint.

DEFENDANT'S NOTICE OF PARTIAL MOTION AND MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)

HAMRICK & EVANS, LLP

HAMRICK & EVANS, LLP

1
2
3
4
5
6

defendant has acted unlawfully." *Id.*  A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). Further, a complaint is insufficient "if it tenders naked assertions devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678 (*citing Twombly,* 550 U.S. at 557) (internal quotation omitted).

7
8
9
10
11
12
13

A Rule 12(b)(6) motion tests the legal sufficiency of a claim. *Navarro v. Block,* 250 F.3d 729, 731 (9th Cir. 2001). It is appropriate to grant a motion to dismiss where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1988).

14
15
16
17
18
19
20

In engaging in this analysis, [t]he complaint is construed in a light most favorable to the plaintiff and all properly pled factual allegations are taken as true." *Wan v. Commercial Recovery Systems, Inc.,* 369 F.Supp.2d 1158, 1161 N.D. Cal. (2005) (citing *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969)). "However, this Court is 'not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.'" *Wan,* 369 F.Supp.2d at 1161 (quoting *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295-96 (9th Cir. 1998)).

21

## II.     Regulation F does not confer a private cause of action

22
23
24

Count II of the Complaint alleges that Monterey violated a specific provision of Regulation F, 12 C.F.R. § 1006.18(b)(2), by misrepresenting the character, amount, or legal status of any debt. (Doc. 1, ¶ 51).

25
26
27
28

Putting aside the issue of whether Monterey violated the FDCPA in this case, Plaintiff cannot prevail on Count II of the Complaint because Regulation F did not create a separate private right of action. 12 C.F.R. § 1600 *et seq.*; *see also Doss v. Citizens Sav. & Tr.. Co.*, 2020 WL 9935823, at *4 (M.D. Tenn. Jan. 3, 2020), report

DEFENDANT'S NOTICE OF PARTIAL MOTION AND MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)

HAMRICK & EVANS, LLP

1  and recommendation adopted sub nom. *Doss v. Citizens Sav. & Tr. Co.*, 2020 WL

2  9935828 (M.D. Tenn. Feb. 26, 2020).

3    Regulation F implements and provides guidance to the FDCPA. Its stated

4  purpose is to "[carry] out the purposes of the FDCPA, which include eliminating

5  abusive debt collection practices by debt collectors, ensuring that debt collectors

6  who refrain from using abusive debt collection practices are not competitively

7  disadvantaged, and promoting consistent State action to protect consumers against

8  debt collection abuses." 12 C.F.R. § 1601(b). Put differently, the CFPB has issued

9  regulatory guidance regarding what is, and is not, a violation of the FDCPA.

10  Although Plaintiff can attempt to rely on the provisions of Regulation F to prevail

11  on her FDCPA cause of action, she cannot separately recover damages of any kind

12  for her allegation that Monterey's conduct was in violation of Regulation itself.

13    *Greene v. TrueAccord Corp.*, 2020 WL 12834572, at \*6 (N.D. Cal. May 19,

14  2020), although entered prior to Regulation F's finalization, illustrates the

15  provision's potential role in FDCPA litigation. There, the plaintiff alleged that the

16  defendant violated, *inter alia*, the FDCPA. *Id.* at \*1. Part of the plaintiff's argument

17  in opposition to the defendant's motion to dismiss, relied on Regulation F to attempt

18  to establish that the defendant's conduct was in violation of the FDCPA. *Id.* at \*5-6.

19  Put plainly, the plaintiff was relying on the CFPB's regulatory guidance in

20  Regulation F regarding the manner in which debt collection communication was

21  required to be sent to a consumer to argue that she had stated a plausible claim for

22  relief under the FDCPA.

23    Simply put, 12 C.F.R. § 1600 *et seq.* does not confer a private cause of action

24  separate than what is permitted under the FDCPA. As a result, Count II of the

25  Complaint must be dismissed.

26  / / /

27  / / /

28  / / /

DEFENDANT'S NOTICE OF PARTIAL MOTION AND MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)

HAMRICK & EVANS, LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CONCLUSION

For the reasons stated herein, Defendant Monterey Financial Services, LLC requests that the Court dismiss Count II of the Complaint in its entirety.

DATED:  June 13, 2022                               HAMRICK & EVANS, LLP


By:_____
     JEFF W. POOLE
     Attorneys for Defendant
     MONTEREY FINANCIAL SERVICES,
     INC.

DEFENDANT'S NOTICE OF PARTIAL MOTION AND MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)